UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMIN BOOKER,

       Petitioner,

       v.                                                                           16-CV-446(LJV)
                                                                                  ORDER

PAUL CHAPPIUS, JR.,

       Respondent.
_____

## **INTRODUCTION**

The *pro se* petitioner, Amin Booker, is an inmate at the Elmira Correctional Facility. He challenges the New York State Department of Corrections and Community Supervision's ("DOCCS") determination placing him indefinitely in administrative segregation in the Special Housing Unit ("SHU"), and he seeks relief pursuant to 28 U.S.C. § 2254. Docket Item 1 at 17.

According to the petition, the administrative segregation determination was made after a superintendent's hearing at the Green Haven Correctional Facility on August 21, 2015. Booker then was transferred to Elmira Correctional Facility and placed in the SHU there. He first filed his petition in the United States District Court for the Northern District of New York, which transferred the petition to this district because the petitioner was housed at the Elmira Correctional Facility. Docket Item 3.

Booker claims that the administrative segregation determination is unconstitutional for several reasons. First, he claims that it is based on four prior misbehavior reports and charges of misconduct issued between 2008 and 2014 that have been either (1) reversed and expunged from his inmate record through a New

York Civil Practice Law and Rules Article 78 proceeding or (2) dismissed following a superintendent's hearing.  Second, he claims that his punishment was grounded in three acts of alleged misconduct between 2008 and 2013 that never were charged. Docket Item 1 at 16-17.  Booker also challenges the denial of a civil contempt motion he filed in the New York State Supreme Court, Appellate Division, Third Department ("Appellate Division") on September 15, 2015.  He argues that because the Appellate Division previously had dismissed one of the four prior charges of misconduct—the June 2008 misbehavior report filed at Green Haven—the respondents were in contempt for holding him in administrative segregation based in part on this dismissed report. Docket Item 1 at 18.

Based on all that, Booker seeks the following relief: a declaration holding the respondents in contempt; immediate release from administrative segregation in SHU; reinstatement of all privileges that he had enjoyed prior to the administrative segregation determination; removal of all charges from his inmate record; damages for his time in the SHU; imprisonment of all "contemnors"; and reversal of the Appellate Division's "findings" in the contempt proceeding.  Docket Item 1 at 15.

Booker's claims are not cognizable on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the administrative segregation determination does not impact the overall length of his confinement for his state criminal court conviction.  *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *see also Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006).  For that reason alone, the petition must be dismissed.  Moreover, because a federal district court cannot act as an appellate court to review a determination of a state court, Booker's challenge of the Appellate Division's

denial of his motion for civil contempt is misplaced. *See D.C. Cir. v. Feldman*, 460 U.S. 462, 485-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Accordingly, Booker's challenge to the Appellate Division's denial of the civil contempt motion he filed in state court is not a federal constitutional claim cognizable on a petition for a writ of habeas corpus. *See Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the "*Rooker-Feldman* doctrine bars 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'")).

## **DISCUSSION**

As noted above, Booker's petition for a writ of habeas corpus challenged his indefinite placement in the SHU in administrative segregation. Habeas corpus relief, however, is available only for challenges to the "fact or duration" of confinement. *Preiser*, 411 U.S. at 500. Indeed, the Second Circuit has clearly delineated the differences between habeas corpus relief and relief available under 42 U.S.C. § 1983. *See Peralta*, 467 F.3d at 102. "[W]hen a prisoner is challenging 'the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" *Id.* (quoting *Preiser*, 411 U.S. at 500). In contrast, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Peralta*, 467 F.3d at 102 (quoting *Preiser*, 411 U.S. at 499).

Thus, challenges to prison administrative action that affect the fact or length of a prisoner's confinement are properly brought as petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Preiser*, 411 U.S. at 500.  Here, however, Booker is challenging administrative action that affects neither the fact nor the length of his confinement.  Instead, Booker's administrative segregation merely alters the conditions of his confinement.  His claims therefore are not cognizable on federal habeas review.  *See Peralta*, 467 F.3d at 102; *see also Adams v. McGinnis*, 317 F. Supp. 2d 243, 244 (W.D.N.Y. 2004) ("Based upon the allegations that petitioner was sentenced to six months SHU, but nothing else—*e.g.*, loss of good time credits—this action appears to be one that should have been brought under 42 U.S.C. § 1983, and not 28 U.S.C. § 2254 . . . .") (citations omitted).

In some cases, when a petitioner raises claims that might be cognizable under a different statute than cited in the petition, a court will address whether recharacterizing or converting the petition into a complaint under that statute is appropriate.  *See, e.g.*, *Adams*, 317 F. Supp. 2d at 244-45 (W.D.N.Y. 2004) (citing *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (stating that courts routinely characterize *pro se* petitions according to the relief that the petitioner is entitled to)).  This Court need not consider that here, however, because Booker already has filed a complaint under § 1983 in another federal district court involving the same administrative segregation determination.[1]  *See* Docket Item 1 at 12.  Booker's § 1983 complaint in that case raises a Due Process claim relating to the determination that he be placed in administrative segregation based on, *inter alia*, prior charges of misconduct in misbehavior reports that

---

[1] *See Booker v. Griffin*, No. 7:16-CV-00072 (NSR), filed in the United States District Court for the Southern District of New York.

either had been reversed and ordered expunged from his inmate record or for which he was exonerated. *See Booker v. Griffin*, No. 7:16-CV-00072 (NSR), Docket Item 2, Complaint, ¶¶ 77-78, 93.[2]

## ORDER

For the reasons stated above, this petition is dismissed. The petitioner has failed to make a substantial showing of the denial of a constitutional right, and this Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal *in forma pauperis*. *Coppedge v. United States*, 369 U.S. 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal *in forma pauperis* must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED that the petition is dismissed, that a certificate of appealability is denied, and that leave to appeal *in forma pauperis* is denied.

SO ORDERED.

DATED:   November 18, 2016
         Buffalo, New York

                                         *s/Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Booker raises claims here that were not raised in his complaint pending in the Southern District of New York, these claims appear to request review of a state court decision, impermissible under *Rooker-Feldman*. In any event, this Court declines to recharacterize these claims.